UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRED MAYBERRY, )
)
        Plaintiffs, )
)
  vs. ) No. 4:06-CV-676 (CEJ)
)
AMERICAN FAMILY MUTUAL )
INSURANCE CO., et al., )
)
        Defendants. )

**ORDER**

    This case arises out of a motor vehicle accident between plaintiff and an allegedly uninsured motorist. Plaintiff, a Missouri citizen, filed suit against American Family Mutual Insurance Company, a citizen of Wisconsin, and Northland Insurance Company, a citizen of Wisconsin. Defendant Northland removed the action to this Court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. In his complaint and amended complaint, plaintiff prays for damages in "an amount in excess of Twenty-Five Thousand Dollars but less than Seventy-Five Thousand Dollars" for medical bills and for pain and suffering. It is not clear from his pleadings that plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs, so as to satisfy the amount in controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332(a).

    "The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they really

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

exist." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 184 (1936) (internal quotations omitted). Although it is possible that the amount in controversy will exceed the $75,000 threshold, federal courts are to strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

In the instant case, the Court cannot determine whether the amount in controversy requirement is satisfied and, hence, whether subject matter jurisdiction exists. As the party invoking jurisdiction, defendant Northland has the burden of establishing that all prerequisites to jurisdiction have been satisfied. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Northland Insurance Company shall, not later than **August 11, 2006**, file a memorandum to support its assertion that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. Responses to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Northland's motion, if any, shall be filed no later than **August 21, 2006.** Any reply shall be filed no later than **August 28, 2006.**

```
                              _____
                              CAROL E. JACKSON
                              UNITED STATES DISTRICT JUDGE
```

Dated this 21st day of July, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com